NELSON v SOUTHFIELD PUBLIC SCHOOLS

Docket No. 81486. Submitted October 8, 1985, at Lansing.—Decided
    January 21, 1986.

Appellees, Rabbi and Mrs. David Nelson, parents of Debra, who
    suffered mental impairments after a stroke, requested appel-
    lant, Southfield Public Schools District, to develop an appropri-
    ate free public educational program for their daughter. The
    school district recommended that Debra be placed in an educa-
    ble mentally impaired (EMI) classroom. Appellees disagreed
    and requested a hearing. A hearing was held before a hearing
    officer appointed by the Michigan Department of Education.
    The hearing officer found in favor of the school district and
    concluded that the program prescribed by the school district
    was appropriate. The Nelsons appealed to the Michigan Depart-
    ment of Education. A state level reviewing official conducted a
    review and concluded that Debra needed a special education
    program based on a class composed of students achieving at a
    level comparable to her own and with a maximum student-to-
    staff ratio of 3 to 1 in modifying the school district's prescribed
    program. The school district appealed to the state level review-
    ing official's determination to the Oakland Circuit Court. The
    circuit court, George H. LaPlata, J., affirmed the decision of the
    state level reviewing official. The school district appealed. *Held:*
        1. Federal law requires the state to develop a plan assuring
    all handicapped children the right to free appropriate public
    education. Free appropriate public education means services
    which meet the standards of the state educational agency.
    Michigan law requires the State Board of Education, in cooper-

REFERENCES
Am Jur 2d, Civil Rights § 92.5 (supp).
Am Jur 2d, Schools §§ 50-55.
Appropriateness of state administrative procedures under § 615 of
    Education for All Handicapped Children Act (20 USCS § 1415). 64
    ALR Fed 792.
What services must federally assisted school provide for handi-
    capped children under Education of the Handicapped Act (20
    USCS §§ 1401 *et seq.). 63 ALR Fed 856.*
Requisite conditions and appropriate factors affecting educational
    placement of handicapped children. 23 ALR4th 740.

ation with intermediate school boards, to develop a state plan for special education which provides services designed to develop the maximum potential of every handicapped person. "Maximum potential" is not statutorily defined. The Court of Appeals believes that there is some limitation in what kind of program is required. When two competing educational programs which meet the child's requirements are evaluated, the needs of the handicapped child should be balanced with the needs of the state to allocate scarce funds among as many handicapped children as possible. Assuming in this case that funds are available for two proposed educational programs, each suitable to enable the child to reach her maximum potential, it would appear reasonable to adopt the program requiring lesser expenditure.

2. The state level reviewing official abused his discretion in deciding not to allow the appellant to either file briefs or present oral arguments in support of its position.

Reversed and remanded to the state reviewing official.

1. SCHOOLS — SPECIAL EDUCATION PROGRAMS — STATUTES.

   Federal law requires the state to develop a plan assuring all handicapped children the right to free appropriate public education; free appropriate public education means services which meet the standards of a state educational agency (20 USC 1401 *et seq.*).

2. SCHOOLS — SPECIAL EDUCATION PROGRAMS — STATUTES.

   While the statute which requires the State Board of Education in cooperation with intermediate school boards to develop a state plan for special education which provides services designed to develop the maximum potential of every handicapped person does not define "maximum potential", there is some limitation in what kind of program is required; when two competing educational programs which meet a child's requirements are evaluated, the needs of the handicapped child should be balanced with the needs of the state to allocate scarce funds among as many handicapped children as possible; assuming that funds are available for two proposed educational programs, each suitable to enable the child to reach his maximum potential, it would appear reasonable to adopt the program requiring lesser expenditure (MCL 380.1701; MSA 15.41701).

3. ADMINISTRATIVE LAW — SPECIAL EDUCATION PROGRAMS — APPEAL.

   A state level reviewing official selected by the Department of Education to review a decision of a local hearing officer in a matter involving a child's special education has discretion in

affording parties an opportunity for oral or written argument or both (1979 AC, R 340.1725[2]).

*Garrett & Rogers, P.C.* (by *Jon R. Garrett*), for appellees.

*Shifman, Goodman & Carlson* (by *John A. Carlson*), for appellant.

Before: J. H. Gillis, P.J., and Cynar and R. L. Evans,* JJ.

Cynar, J. This appeal involves a decision of a special education state level reviewing official concerning the appropriate free public education program for Rabbi and Mrs. David Nelson's handicapped child, Debra. Following proceedings held in February, 1984, a local hearing officer affirmed an educational program prescribed for Debra by the Southfield Public Schools District. The Nelson's filed an appeal with the state review official and the educational program prescribed by the district was modified. The district then appealed to the Oakland County Circuit Court. By order dated October 17, 1984, the state review official's decision was affirmed. The district now appeals as of right.

On December 19, 1979, Debra suffered a stroke. She was 10 years old at the time and of normal intelligence. Debra suffered from various mental impairments as a result of the stroke. She underwent speech therapy for six months. Appellees then approached the district requesting that an appropriate free public educational program be developed for Debra. A district psychologist tested Debra's I.Q. in August, 1980. Using the WISC-R test, Debra was found to have a full-scale I.Q. of 47 with potential for an I.Q. of 64. The district recom-

* Recorder's court judge, sitting on the Court of Appeals by assignment.

mended that Debra be placed in an educable mentally impaired (EMI) classroom. Appellees disagreed with the district's recommendation and requested a hearing. A hearing was held before a hearing officer appointed by the Michigan Department of Education. At the hearing, appellees' counsel stated that the program proposed by the district was inappropriate because Debra required a very low student to teacher ratio, not to exceed two students per teacher, and that there was a need for an environment reducing or eliminating distractions. The hearing officer found that Debra was an educable mentally impaired child under Michigan Special Education Rule 5, 1979 AC, R 340.1705, and that the EMI program prescribed by the district was appropriate. Appellees appealed to the state level review official who modified the hearing officer's decision. The state review official concluded that Debra needed a "special education program based on a class composed of students achieving at a level comparable to her own and with a maximum student-to-staff ratio of three to one". On appeal to the circuit court, the state review official's decision was affirmed.

The district argues that the state review official's decision that Michigan's mandatory special education act (MMSE), MCL 380.1701 *et seq.;* MSA 15.41701 *et seq.,* requires the district to place Debra in a special education class program with a maximum student-to-staff ratio of three to one is not supported by competent, material and substantial evidence on the whole record.

The Education of Handicapped Act (EHA), 20 USC 1401 *et seq.,* requires the state to develop a plan assuring all handicapped children the right to free appropriate public education. 20 USC 1412(1). Free appropriate public education means services which meet the standards of the state educational

agency. 20 USC 1401(18)(B). MCL 380.1701; MSA 15.41701 requires the state board of education in cooperation with intermediate school boards to develop a state plan for special education which provides services designed to develop the maximum potential of every handicapped person. The EHA incorporates by reference the more rigorous Michigan standards requiring that the special education program maximize the potential of the handicapped person. See *Twp of Burlington v Dep't of Education,* 736 F2d 773 (CA 1, 1984), *aff'd* 471 US —; 85 L Ed 2d 385; 105 S Ct 1996 (1985).

MCL 380.1701; MSA 15.41701 does not define the phrase "maximum potential". We believe that there is some limitation on what kind of program is required. When two competing educational programs which meet the child's requirements are evaluated, the needs of the handicapped child should be balanced with the needs of the state to allocate scarce funds among as many handicapped children as possible. *Age v Bullitt County Public Schools,* 673 F2d 141, 145 (CA 6, 1982). However, assuming in this case that funds are available for two proposed educational programs, each suitable to enable the child to reach her maximum potential, it would appear reasonable to adopt the program requiring lesser expenditure.

Our review of this case is governed by MCL 24.306; MSA 3.560(206) which provides:

"(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:
"(a) In violation of the constitution or a statute.
"(b) In excess of the statutory authority or jurisdiction of the agency.

"(c) Made upon unlawful procedure resulting in material prejudice to a party.

"(d) Not supported by competent, material and substantial evidence on the whole record.

"(e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

"(f) Affected by other substantial and material error of law.

"(2) The court, as appropriate, may affirm, reverse or modify the decision or order or remand the case for further proceedings."

Relying on the 1979 Michigan Administrative Code, R 340.1725(2), the district argues that the state review official abused his discretion in not allowing the parties to either file briefs or present oral arguments. Rule 25(2) sets out the duties of the state educational agency official conducting a review after a hearing like the one held in the instant case. The rule indicates that the state reviewing official is to examine the entire hearing record, insure that the procedures were consistent with due process, and seek additional evidence if necessary. The rule also indicates that it is within the state review official's discretion to afford the parties an opportunity for oral or written argument, or both.

Based on the record in this case, while recognizing the discretion vested in the state review official, we believe the state review official abused his discretion in deciding not to allow appellant to either file briefs or present oral argument.

At the beginning of the May 8, 1984, hearing, the state review official stated that "upon review, the record was found sufficient to render a decision and therefore, no briefs were requested from either party". The hearing officer subsequently stated what he perceived to be the district's position in this case and the justification for it. He

specifically stated "[s]ince the school board's case rested on the contentions that Debra Nelson had reached a plateau and that prolonged one-to-one instruction was contraindicated, none of their witnesses testified as to her needs for instruction to develop a maximum potential greater than they portrayed".

The district argues that the state review official erroneously stated the basis and justification for the district's position in this case. The district submits that had it been allowed to submit briefs and oral arguments to the state review official, the district's position and the justification for it would have been clarified before a decision was rendered by the state.

We observe that the appeal form filed in this matter by appellees provides in part:

"Please quote only the specific decisions of the local hearing you wish to appeal and designate the page and paragraph in which it appears within the hearing decision."

This appeal form incorporates an attachment, a number of pages in length, which although somewhat short of meeting the requirements of a brief, can only be described as strong argument by an advocate for his respective side. For instance, in the said attachment, it is indicated that the hearing officer showed a total lack of impartiality and was biased. Our review of the record does not support such a contention. Further, since in effect the appellees did present argument, the district should have been afforded an opportunity to either submit a brief or present oral argument in support of its position.

We do not pass on the merits as to which side should prevail, however we find the state review

official abused his discretion in this instance by refusing to hear argument as requested.

We vacate the decision of the circuit court, reverse the decision of the state review official and remand this case to the state review official for further proceedings. On remand, both sides are to submit briefs if requested by the state review official. Both sides shall be afforded an opportunity to present oral arguments before a decision is made by the state review official.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.