Michael W. **BARNETT**, et al., Plaintiffs,

v.

**FAIRFAX COUNTY SCHOOL BOARD,**
et al., Defendants.

Civ. A. No. 89–567–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Aug. 28, 1989.

---

Timothy M. Cook, Washington, D.C., for plaintiffs.

Thomas J. Cawley, John F. Cafferky, Hunton & Williams, Fairfax, Va., for defendants.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on defendants' motions to strike plaintiffs' claims for damages and to strike plaintiffs' jury demand in a case involving the special education treatment of Michael Barnett, a 16-year-old profoundly deaf student. In the case, plaintiffs maintain that although the educational program presently offered Michael is appropriate, it is the duty of the school system to provide that same program at Michael's neighborhood school. Plaintiffs' Complaint alleges a cause of action under the Education For All Handicapped Children Act ("Education Act"), as well as a parallel claims under § 504 of the Rehabilitation Act of 1973 ("§ 504") and 42 U.S.C. § 1983 ("§ 1983"). In addition to seeking equitable relief, plaintiffs have asked for monetary damages in excess of $100,000 for the alleged mental and emotional distress which Michael has supposedly incurred as a result of attending a school other than his neighboring one.

■ In light of existing authority as well as persuasive policy considerations this court is of the opinion that both of defendants' motions should be granted. With regard to the issue of damages, it has been clearly established that aside from reimbursement to parents for private tuition, compensatory damages are not recoverable under the Education Act. *See e.g. Hall v. Vance County Board of Education,* 774 F.2d 629, 633 n. 3 (4th Cir.1985). To allow otherwise, would in effect create a cause of action for "educational malpractice," subjecting the already limited budgets of school systems to added expense. *See Anderson v. Thompson,* 658 F.2d 1205, 1211–1213 (7th Cir.1981). This was not the intent of Congress in creating the Education Act. *Id.*

■ Moreover, like the Education Act, § 504 does not create any general tort liability for educational malpractice. *Monahan v. Nebraska,* 687 F.2d 1164, 1171 (8th Cir.1982). In addition, the Supreme Court has warned against a court's substitution of its own judgment for educational decisions made by state officials. *See Id.* Thus, this court is of the view that before damages can be sought for basic education claims such as those under § 504, there must be a showing of bad faith or intentional discrimination. *See e.g. id.* and *Timms v. Metro School District,* 722 F.2d 1310, 1318 n. 4 (7th Cir.1983). As no such allegations have been made in this particular case, plaintiffs' claim for damages under the Rehabilitation Act also must fail.

■ Finally, this court believes that plaintiffs cannot predicate a claim for damages under § 1983 solely upon the same violations of the Education Act and § 504 which do not afford damages in this particular case. Although the Education Act

makes clear that a plaintiff can also pursue claims under § 1983, that section is a derivative cause of action, creating a private right of action only for deprivation of federal rights enunciated elsewhere. *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). Thus, this court is of the view that a § 1983 claim must do more than merely reallege a violation of the underlying statute to constitute a viable claim for damages. If the case were otherwise, plaintiffs would be able to circumvent the carefully drafted, comprehensive legislative scheme embodied in the Education Act simply by alleging a § 1983 action to cover the same claim.

Plaintiffs have brought a case meriting review of the school system's special education treatment of a handicapped student. While equitable relief may be sought under the Education Act and § 504, damage claims are inappropriate to this particular case. Thus, defendants' motion to strike plaintiffs' damages claims and consequently defendants' motion to strike the jury demand should be granted.

An appropriate Order shall issue.

### ORDER

This matter came before the court on the defendants' motion to strike plaintiffs' claims for damages and defendants' motion to strike plaintiffs' jury demand. For the reasons stated in the enclosed memorandum it is hereby

ORDERED that both of defendants' motions are GRANTED and the case shall proceed to trial on claims under the Education Act and § 504 of the Rehabilitation Act without a jury.