51 F.3d 271
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John CHUHRAN, Plaintiff-Appellant,
v.
WALLED LAKE CONSOLIDATED SCHOOLS; Farmington Public
Schools; Oakland Intermediate School District;
Michigan Department of Education,
jointly and severally,
Defendants-Appellees.
 No. 93-2621.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 Before: BROWN, NELSON and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this appeal plaintiff John Chuhran, who suffers from muscular dystrophy and has been identified as a "physically or otherwise health impaired" student, challenges the district court's holding that defendants, Walled Lake Consolidated Schools, Oakland Intermediate School District (collectively "Districts"), and the Michigan Department of Education ("MDOE"), did not violate his rights under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. Sec. 1400-1420; Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 794; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. Sec. 12131; 42 U.S.C. Sec. 1983; and the Michigan Mandatory Special Education Act ("MMSEA"), Mich.Comp.Laws Sec. 380.1701-.1766.[1] Plaintiff alleges that he has been deprived of a free appropriate public education ("FAPE") under the IDEA because of several procedural violations of the Act, as well as defendants' alleged failure to implement the "transition services" requirement of the 1990 amendments to the IDEA. The district court granted summary judgment to defendants on all counts. We AFFIRM.
 
 
 2
 The district court's grant of summary judgment is reviewed de novo. Pinney Dock & Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988). We employ a modified de novo standard in reviewing the district court's determination under the IDEA. Doe v. Board of Educ., 9 F.3d 455, 458 (6th Cir.1993) (per curiam), cert. denied, 114 S.Ct. 2104 (1994); Thomas v. Cincinnati Bd. of Educ., 918 F.2d 618, 624 (6th Cir.1990); Roncker ex rel. Roncker v. Walter, 700 F.2d 1058, 1062 (6th Cir.), cert. denied, 464 U.S. 864 (1983). That is, review of the due process hearing is plenary, but due weight is given to the state administrative findings. Board of Educ. v. Rowley, 458 U.S. 176 (1982); Roncker, 700 F.2d at 1062 (interpreting Rowley ).
 
 
 3
 We have reviewed the parties' briefs, the record on appeal, and the applicable law and conclude that the district court's opinion, published at 839 F.Supp. 465 (E.D.Mich.1993), thoroughly discusses and adequately disposes of plaintiff's arguments. In other words, we agree with the district court that compliance with the IDEA has been established under the two-part test in Rowley.[2]
 
 
 4
 Although the May 17, 1991 letter did not specifically advise plaintiff that graduation would be considered at the May 28, 1991 meeting, the Local Hearing Officer found that the Chuhrans were "well aware that the District would be proposing graduation and the reasons why," (J.A. 100), basing her conclusion on plaintiff's testimony regarding Mrs. Chuhran's telephone discussion prior to the meeting with Dennis Wisinksi, Director of Special Education for the Walled Lake Consolidated School District. (J.A. 89; see also J.A. 114). Further, because graduation had been proposed and rejected as early as 1989, "[t]here could not have been any reasonable basis for surprise that the issue of graduation was raised by the IEPC in May 1991." Chuhran, 839 F.Supp. at 471.
 
 
 5
 The Districts' failure to develop a specific written plan for transition services is likewise an insubstantial technical defect because plaintiff has been provided with adequate "transition services" as required by 20 U.S.C. Sec. 1401(a)(20)(D) and Sec. 1401(a)(19). As the district court, state level reviewing official, and local hearing officer all found, the record reflects that the yearly Individual Educational Planning and Committee Meetings took into account plaintiff's interests, abilities, and possibilities for future employment, and made coordinated efforts with outside agencies toward established goals. (J.A. 84-89, 104, 116). This circuit has repeatedly held that technical defects do not result in a violation of the IDEA if there is no substantive deprivation. Thomas, 918 F.2d at 625; Cordrey v. Euckert, 917 F.2d 1460, 1467 (6th Cir.1990), cert. denied, 499 U.S. 938 (1991); Doe v. Defendant I, 898 F.2d 1186, 1190-91 (6th Cir.1990).
 
 
 6
 Contrary to plaintiff's assertion, the district court did "hear additional evidence" as required by 20 U.S.C. Sec. 1415(e)(2), in the form of a supporting affidavit and report prepared by Elise Kampschroer, Ph.D., but found that it failed to create a genuine issue of material fact. We find nothing in Dr. Kampschroer's report to dissuade us from that assessment. As noted by the lower court, Dr. Kampshroer did not review the transcripts of the administrative proceedings, which detail the transition services actually received. Her opinion is entitled to little weight.
 
 
 7
 Although the district court erred in relying on Smith v. Robinson, 468 U.S. 992 (1984) and Austin v. Brown Local Sch. Dist., 746 F.2d 1161 (6th Cir.1984), cert. denied, 471 U.S. 1054 (1985), for the proposition that where the IDEA provides a remedy, it is exclusive;[3] the court nonetheless properly dismissed the Rehabilitation Act, ADA, and Sec. 1983 claims. Plaintiff's Rehabilitation Act claim fails because he has not established that he is "otherwise qualified" for the program, having received a FAPE and properly graduated. See Mrs. C. v. Wheaton, 916 F.2d 69, 74 (2d Cir.1990) (listing elements of Sec. 504 claim, including requirement that plaintiff be "otherwise qualified" for the program receiving federal funding). Similarly, plaintiff has not established that he was excluded from services because of his handicap. See 42 U.S.C. Sec. 12132. The Sec. 1983 claim fails too because it is predicated solely upon his IDEA, Rehabilitation, and ADA claims. See Maine v. Thiboutot, 448 U.S. 1 (1980) (Sec. 1983 cause of action is derivative of other federal rights). See, e.g., Barnett v. Fairfax County Sch. Bd., 721 F.Supp. 755, 757 (E.D.Va.1989), aff'd on other grounds, 927 F.2d 146 (4th Cir.1991), cert. denied, 502 U.S. 859 (1991). Finally, although Michigan law does not define "maximum potential," see Nelson v. Southfield Pub. Schs., 384 N.W.2d 423, 393 (Mich.Ct.App.1986), plaintiff's academic history fully supports the Local Hearing Officer's conclusion that it would be "a denial of John's maximum potential to keep him as a K-12 district student." (J.A. 105). Nor has plaintiff alleged that he was not provided with sufficient time for discovery of such claims. The district court therefore did not err in dismissing counts II, III, IV, and V.[4]
 
 
 8
 For the foregoing reasons, the district court's decision and order dated November 23, 1993, and published at 839 F.Supp. 465 (E.D.Mich.1993), is AFFIRMED.
 
 
 
 [1]
 Federal law incorporates state standards, and a school district may violate the IDEA if it fails to satisfy the more stringent state law requirements. Doe v. Board of Educ., 9 F.3d 455, 457 (6th Cir.1993) (per curiam), cert. denied, 114 S.Ct. 2104 (1994). The MMSEA requires that "[t]he board of a local school district shall provide special education programs and services designed to develop the maximum potential of each handicapped person in its district." Mich.Comp.Laws Ann. Sec. 380.1751 (1988)
 
 
 [2]
 In Board of Educ. v. Rowley, 458 U.S. 176 (1982), sets out a two-part inquiry for determining whether the defendant school system has complied with the IDEA: "First, has the State complied with the procedures set forth in the Act? And second, is the individualized educational program developed through the Act's procedures reasonably calculated to enable the child to receive educational benefits?" Id. at 206-07 (footnotes omitted)
 
 
 [3]
 Congress expressly overruled Smith in enacting 20 U.S.C. Sec. 1415(f) ("Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, title V of the Rehabilitation Act of 1973 [29 U.S.C.A. Sec. 790 et seq.], or other Federal statutes protecting the rights of children and youth with disabilities...." 20 U.S.C.A. Sec. 1415(f) (West Supp.1994). See also Mrs. W. v. Tirozzi, 832 F.2d 748, 754-55 (2d Cir.1987)
 
 
 [4]
 Plaintiff has not alleged on appeal that the MDOE was improperly dismissed. We therefore do not consider those portions of the district court's opinion pertaining to the MDOE