51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard L. GREENSTREET, Plaintiff-Appellant,
v.
BLUE CROSS AND BLUE SHIELD MUTUAL OF OHIO, et. al.,
Defendants-Appellees.
 Nos. 94-3786, 94-3825.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Richard L. Greenstreet, pro se, appeals three district court orders which granted the defendants' motion to dismiss and denied Greenstreet post-judgment relief. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Relying on federal copyright law, state contract law and allegations of unfair competition, Greenstreet sued over thirty insurance companies and their associates for allegedly misappropriating information in a certain technical report that he wrote in fulfillment of a contract with Blue Cross/Blue Shield of Ohio entitled "Cost-Effective Alternatives in Alcoholism Treatment." Upon consideration of the defendant Blue Cross and Blue Shield's motion to dismiss and Greenstreet's reply, the district court determined that Greenstreet had disregarded several orders by the district court and granted the defendant's motion. The district court subsequently denied Greenstreet's motion for reconsideration of that dismissal. Greenstreet then appealed from both the order of dismissal and the denial of his motion for reconsideration, which appeal is now before this court as Case No. 94-3786. Greenstreet also filed a motion for relief from judgment under Fed.R.Civ.P. 60(b), which the district court denied on June 14, 1994. The appeal from that order is now before this court as Case No. 94-3825.
 
 
 4
 On appeal, Greenstreet raises the following issues: 1) whether the district court properly sanctioned him under Fed.R.Civ.P. 37(d); 2) whether the district court could properly restrain Greenstreet with a page limit on his complaint; 3) whether there were "manifest inconsistencies" in the court's orders sufficient to nullify the orders; 4) whether 28 U.S.C. Sec. 455 provided a sufficient basis to reverse the orders of Judge Lambros and Judge Wells and disqualify these judges; and 5) whether Greenstreet properly stated his claims under the Lanham Act and other claims surrounding "invasions of privacy." Greenstreet also refers to seventeen additional "errors" committed by the district court which deal with the discovery and merits of his Lanham Act claims.
 
 
 5
 The factors to be considered when reviewing a dismissal under Fed.R.Civ.P. 41(b) are largely the same as the factors to be considered when reviewing dismissals under Rule 37(b) or under a court's "inherent power" to dismiss a case. Coleman v. American Red Cross, 23 F.3d 1091, 1094 n. 1 (6th Cir.1994). See also Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986). Competing concerns are the court's need to manage its docket, the public's interest in expeditious resolution of litigation, the risk of prejudice to the defendant, and the policy that favors disposition of cases on their merits. Little v. Yeutter, 984 F.2d 160, 162 (6th Cir.1993). The Supreme Court has recognized that a court's "inherent power" is not actually vested by rule or by statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. Link v. Wabash R.R., 370 U.S. 626, 630 (1962).
 
 
 6
 The district court demonstrated leniency and tolerance by dismissing Greenstreet's first lawsuit without prejudice to Greenstreet's right to refile his complaint pursuant to a particular case management plan designed by a magistrate judge. It could not have been made more clear to the plaintiff that, should he not comply with every facet of a proposed refiling plan, the complaint would ultimately be dismissed with prejudice. Because Greenstreet was given sufficient notice that a dismissal with prejudice was on the horizon should he not strictly comply with the court's future orders, and because it was within the district court's inherent power to sanction Greenstreet in this manner, the district court did not abuse its discretion in dismissing the case after a 58-page complaint was filed, 28 pages over the limit specified in the Post-Judgment Filing Plan issued by the magistrate judge. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976). Moreover, Greenstreet has not shown that the district court judges had personal bias or prejudice against Greenstreet or in favor of the adverse parties so that recusal would be required under 28 U.S.C. Secs. 144 and 455(a). United States v. Sammons, 918 F.2d 592, 598-99 (6th Cir.1990).
 
 
 7
 Accordingly, the district court's orders granting the defendants' motion for dismissal and denying Greenstreet's motions for post-judgment relief are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation