51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence COLES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2119.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges, and MILES, District Judge.*
 
 ORDER
 
 2
 Clarence Coles, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In May 1990, a jury convicted Coles of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. Sec. 922(g)(1). Thereafter, the district court granted the government's application to enhance Coles's sentence pursuant to the Armed Career Criminal Act and sentenced Coles to the mandatory minimum 15 year term of imprisonment under 18 U.S.C. Sec. 924(e). A panel of this court affirmed Coles's conviction and sentence. United States v. Coles, No. 90-2121 (6th Cir. Nov. 25, 1991) (per curiam).
 
 
 4
 In his motion to vacate sentence, Coles argued that counsel rendered ineffective assistance when he: 1) did not renew a motion for directed verdict after the close of all the evidence; 2) did not object to a remark by the prosecutor during rebuttal argument; and 3) did not argue that Coles's prior felony convictions should have been counted under the Sentencing Guidelines instead of the Armed Career Criminal Act. Upon review of Coles's motion, the government's response, and Coles's reply, the district court denied the motion for the reasons stated in the government's response. Coles has filed a timely appeal, reasserting his same claims.
 
 
 5
 Upon review, we conclude that the district court properly denied Coles's motion to vacate his sentence because he had not shown a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Contrary to Coles's claim, counsel rendered effective assistance. Counsel was not ineffective merely because he did not renew a motion for directed verdict, see Smith v. Jago, 888 F.2d 399, 404 (6th Cir.1989), cert. denied, 495 U.S. 961 (1990), because there was sufficient evidence establishing that police officers seized a loaded gun from him, a convicted felon, during a traffic stop. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); 18 U.S.C. Sec. 922(g). Further, counsel was not ineffective when he did not object to the prosecutor's comment that the police officers would not likely risk their careers by giving false testimony, particularly given the court's instruction to the jury that the prosecutor's comments were not evidence. See United States v. Martinez, 981 F.2d 867, 871 (6th Cir.1992), cert. denied, 113 S.Ct. 1874 (1993). Finally, counsel was not ineffective when he did not argue that the Sentencing Guidelines were controlling as to the number of Coles's predicate felonies, because the Armed Career Criminal Act properly applies to Coles's sentence. See 18 U.S.C. Sec. 924(e); see also USSG Sec. 4B1.4, comment (n. 1).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation