51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. BEALMEAR, Petitioner,
v.
ISLAND CREEK COAL COMPANY; Employer Service Corp.;
Director, Office of Workers' Compensation
Programs, United States Department of
Labor, Respondents.
 No. 94-3934.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 1
 Before: MILBURN, RYAN and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 James L. Bealmear, pro se, petitions for review of the Benefits Review Board's decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Bealmear filed this, his third claim, with the Department of Labor, on December 28, 1988. Because this third application for benefits was filed within one year of the final denial of his second claim, the District Director treated the claim as a request for reconsideration pursuant to 20 C.F.R. Sec. 725.310. This claim was denied on June 23, 1989, and, again, on February 23, 1990.
 
 
 4
 After the case was referred to the Office of Administrative Law Judges, an ALJ issued a Decision and Order denying benefits, on April 29, 1993. The ALJ considered the claim a duplicate claim under Sec. 725.309(d), because Bealmear had filed more than one claim for benefits and the second claim had been filed more than one year after the final denial of the first. See Secs. 725.309(c) and 725.310(a). The ALJ determined that Bealmear could not establish that he suffered from pneumoconiosis or that he was totally disabled due to the disease under Part 718 of the regulations. Thus, benefits were denied. On appeal, the Board affirmed the ALJ's findings as supported by substantial evidence. The Board also denied Bealmear's subsequent motion for reconsideration of that decision.
 
 
 5
 On appeal to this court, Bealmear argues that three different doctors diagnosed black lung disease, but that the doctors' reports submitted by the coal company indicated conditions "all together different...." Bealmear claims that the Department of Labor attempted to blame his respiratory condition on tuberculosis and challenges the doctors' reports that state he smokes three or four packs of cigarettes per day, which he claims is more than he ever smoked. Bealmear submitted with his appellate brief certain medical documents that have already been included in the record, specifically, reports by Drs. Anderson and Traughber diagnosing pneumoconiosis.
 
 
 6
 This court has recognized that it must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 7
 Because Bealmear's second claim was filed over one year after the administrative denial of his first claim, the ALJ properly construed Bealmear's third application for benefits as a "duplicate" claim under the regulations. The duplicate claim was appropriately processed in accordance with the traditional three-tier system to determine whether there had been a material change of condition in the miner's health. See Sharondale Corp. v. Ross, 42 F.3d 993, 996-97 (6th Cir.1994); Lukman v. Director, OWCP, 896 F.2d 1248, 1254 (10th Cir.1990). Moreover, because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed it under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 8
 Reviewing the x-ray evidence pursuant to Sec. 718.202(a)(1), the ALJ properly made a quantitative evaluation of the readings, considering the qualifications of the readers, as well as a qualitative evaluation, meeting this court's standard for analyzing x-ray evidence. Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993). The record supports the ALJ's conclusion that Bealmear failed to show the existence of pneumoconiosis under that subsection of the regulations.
 
 
 9
 The ALJ also properly found that, because there was no autopsy or biopsy evidence of record and because no complicated pneumoconiosis was found, the existence of the disease could not be established under Sec. 718.202(a)(2) or Sec. 718.202(a)(3). Moreover, the presumption of Sec. 718.306 was not applicable because all of Bealmear's claims were filed after June 30, 1982.
 
 
 10
 Likewise, the evidence supports the ALJ's conclusion that the medical reports do not support a finding that Bealmear suffered from pneumoconiosis. See Sec. 718.202(a)(4). Drs. Simpao, Traughber and Anderson all diagnosed pneumoconiosis. However, Dr. Simpao's qualifications are not listed in the record and his first diagnosis after examining Bealmear on October 22, 1980, was that Bealmear's pulmonary condition "could be" attributed to his previous job as a coal miner, making this initial diagnosis equivocal. The most qualified physicians, Drs. Jarvis, Tuteur, Stewart, Dahhan and Selby, all diagnosed no pneumoconiosis. These physicians are board-certified in internal medicine and the subspecialty of pulmonary disease. Thus, the ALJ's finding that the claimant could not establish pneumoconiosis by the medical opinions of record is supported by substantial evidence.
 
 
 11
 In his order denying benefits, the ALJ continued to analyze Bealmear's claim under the assumption that Bealmear could have shown the existence of pneumoconiosis. Reviewing the results from the pulmonary function studies and blood gas studies, this court concludes that the evidence supports the ALJ's determination that Bealmear did not establish total disability under Secs. 718.204(c)(1) and 718.204(c)(2). Moreover, the ALJ's analysis of the medical opinions under Sec. 718.204(c)(4) was proper, because the more qualified physicians, Drs. Anderson, Jarvis, Tuteur, Stewart, Dahhan and Selby, stated that Bealmear may have some disability due to his history of back problems, but had no significant respiratory impairment that would prevent him from performing his past coal mining work. In conclusion, the evidence failed to show a material change in Bealmear's condition to entitle him to benefits. Sharondale, 42 F.3d at 997-98.
 
 
 12
 Contrary to Bealmear's argument on appeal, there is no evidence that the agency attempted to blame his respiratory condition on tuberculosis, rather than on black lung disease. Secondly, it is understandable that Bealmear was confused by the conflicting doctors' opinions. Unfortunately, this is the norm with such black lung claims, and this court must affirm an ALJ's decision when the ALJ has thoroughly considered all medical evidence and weighed the evidence pursuant to the regulations. Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989); Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam). Lastly, it is irrelevant whether Bealmear smoked three or four packs of cigarettes a day or smoked less than that amount as he now claims, because the claimant could not establish that he is totally disabled due to his respiratory condition, no matter what the cause.
 
 
 13
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation