51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dwight H. CREASY, Plaintiff-Appellant,
v.
Jerry BEENE; Steven Jones; Robert E. Lee; Lon Saunders;
Robert Sexton, Defendants-Appellees.
 No. 94-5427.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges; and JOINER, District Judge.*
 
 ORDER
 
 2
 Dwight H. Creasy appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Creasy is a Tennessee prisoner who alleged that the defendant guards beat him in retaliation for filing prison grievances and other lawsuits against them. His case went to trial, and a jury entered a verdict for the defendants on March 22, 1994.
 
 
 4
 Creasy first argues that the trial court erred when it denied his pretrial motion to restrict references to his 1985 conviction for robbery. However, the court properly ruled that evidence regarding this conviction was admissible for impeachment purposes. See United States v. Morrow, 977 F.2d 222, 228 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 2969 (1993).
 
 
 5
 Creasy also argues that the trial court erred by allowing one defendant to testify that a prison logbook was "a correctional officer's Bible." However, the court did not abuse its discretion here as Creasy was not prejudiced by this statement. See Clarksville-Montgomery County School Sys. v. United States Gypsum Co., 925 F.2d 993, 999 (6th Cir.1991).
 
 
 6
 Creasy argues that references to defense counsel as an assistant state attorney general led the jury to believe that he was suing the state or the prison system, rather than the individual defendants. However, Creasy was not prejudiced by the alleged error because the trial court advised the jury that the defendants were being sued in their individual capacity.
 
 
 7
 Creasy argues that the court erred by admitting testimony which indicated that he had lost another civil rights action. The court advised Creasy that the results of his prior cases would not be admissible if he did not testify about them. Despite this admonition, Creasy testified that he was beaten and threatened because of lawsuits that he had filed against the defendants. Hence, the district court did not abuse its discretion by allowing cross-examination on this issue. See Fed.R.Evid. 611(b).
 
 
 8
 Creasy argues that the trial court erred when it admitted evidence regarding the good character of defendant Jones. This evidence was not excludable because Creasy's objection at trial merely focused on a brief description of the training that Jones had received.
 
 
 9
 Creasy also argues that a pretrial ruling which allowed the defendants to call one another as witnesses did not give him sufficient notice regarding the content of their testimony. However, Creasy waived this argument by not making a contemporaneous objection at trial. See American Anodco, Inc. v. Reynolds Metal Co., 743 F.2d 417, 424 (6th Cir.1984).
 
 
 10
 Finally, Creasy argues that the court erred when it denied his pretrial motion to be sworn separately from the defendants. This argument lacks merit because the simultaneous administration of oaths is not inconsistent with Fed.R.Evid. 603.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 12
 * The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation.