51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Luqman ABDULLAH, Plaintiff-Appellant,
Kaye Douglas Bentley; Barbara M. Douglas, Plaintiffs,
v.
Penny HARRINGTON, Judge; Hamilton Gayden, Judge; Joseph R.
Mouer, Defendants-Appellees.
 No. 94-6095.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges; and JOINER, District Judge.*
 
 ORDER
 
 2
 Luqman Abdullah appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Abdullah, his sister and sister-in-law filed a complaint in the district court alleging, inter alia, that plaintiff was purposely given an incorrect court date by the state court prosecutor so that a judgment would be rendered against him in a state court zoning violation case. Plaintiffs named the defendant state court judges and state prosecutor in unspecified capacities and sought declaratory and injunctive relief and costs of the action. Defendants individually moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The district court dismissed the complaint for failure to state a claim upon which relief can be granted. Only plaintiff filed a timely notice of appeal. Upon consideration, the judgment is affirmed for reasons other than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 4
 Defendants are not entitled to absolute immunity under the circumstances of this case. Generally, judges are entitled to absolute immunity from suit for money damages, Mireles v. Waco, 112 S.Ct. 286, 288 (1991); King v. Love, 766 F.2d 962, 965-68 (6th Cir.), cert. denied, 474 U.S. 971 (1985), as are prosecuting attorneys. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). However, plaintiffs requested only declaratory and injunctive relief and did not request money damages from defendants in their complaint aside from costs of the action. Moreover, absolute immunity is not a bar to injunctive or declaratory relief against a judge or prosecutor. See Pulliam v. Allen, 466 U.S. 522, 541-43 (1984); Supreme Court of Va. v. Consumers Union of the United States, Inc., 446 U.S. 719, 734-37 (1980). Accordingly, absolute immunity is inapplicable under the circumstances of this case.
 
 
 5
 Nonetheless, we affirm the district court's judgment on the basis of the abstention doctrine enunciated in Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine has been extended to include pending civil judicial proceedings involving important state interests absent extraordinary circumstances. See New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 367-68 (1989); Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975). Generally, Younger abstention is properly invoked where: (1) there are on-going state judicial proceedings at the time the federal complaint is filed; (2) the proceedings implicate important state interests; and (3) the proceedings provide adequate opportunity to raise constitutional challenges. Sun Ref. & Mktg. Co. v. Brennan, 921 F.2d 635, 639 (6th Cir.1990). Where appropriate, federal courts must decline to interfere with a state tribunal pursuant to the Younger doctrine. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 817 (1976); Brennan, 921 F.2d at 639. Here, Younger abstention is appropriate, and a careful review of the record reveals that no extraordinary circumstances are present in this case.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation