51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andre Lorenz BAILEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1687.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges, and MILES, District Judge.*
 
 ORDER
 
 2
 Andre Lorenz Bailey appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1990, a jury found Bailey guilty of possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) and use of a firearm in relation to a drug offense in violation of 18 U.S.C. Sec. 924(c). The district court sentenced Bailey to 147 months of imprisonment and three years of supervised release. On appeal, this court affirmed Bailey's conviction and sentence. United States v. Bailey, Case No. 90-2294 (6th Cir. Feb. 6, 1992), cert. denied, 112 S.Ct. 2286 (1992).
 
 
 4
 Bailey subsequently filed his motion to vacate sentence, alleging that he received ineffective assistance of counsel because his counsel did not file a motion to suppress evidence and did not file a Fed.R.Crim.P. 29 motion challenging the sufficiency of the evidence underlying his conviction. The district court determined that his claims were without merit and denied the motion. Bailey has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied Bailey's Sec. 2255 motion to vacate. Bailey has not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). Bailey did not receive ineffective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 687 (1984), because the police officers properly opened a safe in the house which was the subject of a search warrant. See United States v. Ross, 456 U.S. 798, 821 (1982). Bailey was also not prejudiced by any failure of the authorities to comply with Fed.R.Crim.P. 41(d). Additionally, this court has previously determined that no miscarriage of justice occurred in the sufficiency of the evidence supporting Bailey's convictions as would be required to prevail in his motion to vacate. Lastly, we decline to consider Bailey's claims that the affidavit in support of the search warrant was insufficient and that the police officers did not comply with the "knock and announce" requirement, because Bailey did not raise these issues in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation