51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Adekunle ADEYEMO, Petitioner-Appellant,
v.
Joseph B. BOGAN, III, Respondent-Appellee.
 No. 94-2235.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1995.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges; and MILES, District Judge.*
 
 ORDER
 
 2
 Adekunle Adeyemo, a pro se federal prisoner, appeals a district court order denying his petition for a writ of mandamus. Adeyemo has also filed a motion for miscellaneous relief. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On May 27, 1994, Adeyemo filed a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241, alleging that the Federal Bureau of Prisons had denied his request for a cosmetic hand which he needed in order to care for himself and to perform some personal chores. On July 29, 1994, the district court dismissed his petition, noting that a writ of habeas corpus was an inappropriate procedural device with which to seek to obtain a cosmetic hand. As a form of dicta, the district court opined that Adeyemo's proper remedy is a civil rights action.
 
 
 4
 Thereafter, Adeyemo filed the petition that forms the basis of this appeal, seeking an order directing the Bureau of Prisons to provide him with a cosmetic hand. He relied upon 28 U.S.C. Sec. 1361 which gives original jurisdiction to the district courts of the United States "to perform a duty owed to the plaintiff." The district court denied the petition for a writ of mandamus, without prejudice to Adeyemo's right to file a complaint under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in an order dated October 6, 1994. This appeal followed.
 
 
 5
 Upon review, we affirm the district court's order. The writ of mandamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. Will v. Calvert Fire Ins. Co., 437 U.S. 655, 661-62 (1978). " 'The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary writ, may not be done with it. It lies only when there is practically no other remedy.' " In re NLO, Inc., 5 F.3d 154, 156 (6th Cir.1993) (quoting Helstoski v. Meanor, 442 U.S. 500, 505 (1979)). See also In re Bendectin Prods. Liab. Litig., 749 F.2d 300, 303-04 (6th Cir.1984). In this case, a civil rights action is the proper vehicle for proving duty, as well as for obtaining a remedy for the prison life conditions which have been attacked in this action. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Accordingly, the motion for miscellaneous relief is denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation