51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lynn ERDMAN, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; Robert G. Redman,
Warden; Joe Cross, Deputy Warden; William Norment,
Inspector; Richard Forster; Margret Marvin; Thomas L.
Phillips, Acting Warden; Conny Anderson; Cathy Brower;
Robert Mott, Defendants-Appellees.
 No. 94-2109.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 1
 Before: JONES, NELSON, and RONEY,* Circuit Judges.
 
 ORDER
 
 2
 This pro se Michigan state prisoner appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages and declaratory relief, Lynn Erdman sued the Michigan Department of Corrections (MDOC) and nine MDOC employees. Erdman claimed that: 1) the defendants violated his Fourth Amendment rights by unreasonably searching his prison cell and seizing his personal property; 2) the defendants violated his First Amendment rights by restricting his ability to send and receive mail; 3) the defendants violated his Fourteenth Amendment rights by confiscating his property without due process of law; and 4) the defendants engaged in a retaliatory conspiracy to deprive him of his constitutional rights.
 
 
 4
 Upon consideration of the defendants' motion for summary judgment and Erdman's response and motion for summary judgment, a magistrate judge recommended granting summary judgment in favor of the defendants. The district court adopted the magistrate judge's report and recommendation over Erdman's objections.
 
 
 5
 In his timely appeal, Erdman reasserts the claims set out in the district court.
 
 
 6
 This court reviews a grant of summary judgment de novo, applying the same tests that are applicable in the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). The moving party must point to an absence of evidence supporting the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has done so, the nonmoving party must present significant probative evidence in support of the complaint if the motion for summary judgment is to be defeated. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe, 8 F.3d at 378. The existence of a mere scintilla of evidence to support plaintiff's position will not suffice; there must be evidence on which the jury could reasonably find for the plaintiff. Anderson, 477 U.S. at 252.
 
 
 7
 We conclude, in the present case, that the district court properly granted summary judgment in favor of the defendants. The MDOC is absolutely immune from suit under the Eleventh Amendment. See generally Welch v. Texas Dep't of Highways and Public Transp., 483 U.S. 468, 472-73 (1987). The individual defendants met their initial burden as to each of Erdman's claims, and Erdman presented no significant probative evidence in support of any of the claims. Erdman has no Fourth Amendment right to privacy in his prison cell, see Hudson v. Palmer, 468 U.S. 517, 526 (1984); his right to send and receive mail was restricted in accordance with a prison regulation reasonably related to a legitimate penological interest, see Turner v. Safley, 482 U.S. 78, 84-91 (1987); and he was afforded all the process to which he was due. See Hewitt v. Helms, 459 U.S. 460, 472 (1983).
 
 
 8
 Accordingly, and for the reasons set forth in the magistrate judge's report and recommendation dated July 13, 1994, as adopted by the district court in its order of August 31, 1994, we affirm the judgment of the district court. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul H. Roney, United States Circuit Judge for the Eleventh Circuit, sitting by designation