51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Washshukru AL-JABBAR a'la, Plaintiff-Appellant,
v.
Michael DUTTON; L.C.R.C.F.'s Disciplinary Committee; W.
Jeff Reynolds; Charles W. Burson, Defendants-Appellees.
 No. 94-6320.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 Before: MILBURN, RYAN and GODBOLD*, Circuit Judges.
 
 ORDER
 
 1
 Washshukru Al-Jabbar a'la, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights action construed as filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and injunctive relief, Al-Jabbar a'la filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in August 1990 in the United States District Court for the Middle District of Tennessee. In that petition, he alleged that he was convicted of three disciplinary infractions in violation of his right to due process of law and that the extension of his parole eligibility date--a result of his conviction for assaulting an officer--violated his due process and equal protection rights. In a memorandum and order entered on August 30, 1990, the district court dismissed Al-Jabbar a'la's habeas corpus issue challenging the extension of his parole release eligibility date without prejudice to his right to pursue his available state court remedies. The district court transferred his remaining claims to the United States District Court for the Western District of Tennessee for consideration under 42 U.S.C. Sec. 1983. This court denied Al-Jabbar a'la's application for a certificate of probable cause to appeal the district court's dismissal of his habeas petition for the reasons stated by the district court.
 
 
 3
 Al-Jabbar a'la then filed a separate civil rights action challenging his misconduct convictions in the Western District of Tennessee which was eventually ruled upon (adversely to Al-Jabbar a'la) by the district court. Al-Jabbar a'la subsequently requested instructions regarding service of process against defendant Reynolds, whom he considered to be the only defendant still subject to liability for the alleged violation of the Equal Protection and Ex Post Facto Clauses of the Constitution. The district court, in turn, issued an order to show cause why the action should not be dismissed, to which Al-Jabbar a'la responded. Nonetheless, the district court dismissed the Sec. 1983 action in an order filed on September 12, 1994, after concluding that the equal protection and ex post facto issues pertaining to Al-Jabbar a'la's habeas corpus action had been dismissed before the remaining procedural due process claims were transferred to the Western District, and that those procedural due process claims were barred by the doctrine of res judicata. The district court further found that defendant Reynolds could not be held liable in a civil rights action on a theory of respondeat superior. A separate judgment was entered on September 15, 1994.
 
 
 4
 On appeal, Al-Jabbar a'la argues that the district court (1) abused its discretion in dismissing his Sec. 1983 challenge to his parole eligibility extension, and (2) erred in concluding that the Middle District's dismissal of his parole eligibility issue was an implicit holding that the issue was not cognizable under Sec. 1983.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated by the district court.
 
 
 6
 Initially, it is noted that Al-Jabbar a'la does not contest on appeal the district court's finding that his procedural due process issues are barred by res judicata. In fact, he specifically raises only equal protection and ex post facto arguments in his appellate brief. Therefore, Al-Jabbar a'la's procedural due process issues, whether pertaining to his disciplinary hearings or the change in his parole eligibility date, are considered to be abandoned and are not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). In any event, these issues were decided adversely to him on the merits in his separate civil rights action, and so their relitigation in this action is barred. See Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 582 (6th Cir.1994).
 
 
 7
 The district court did not err in finding that it had no jurisdiction over Al-Jabbar a'la's equal protection and ex post facto issues relating to the change in his parole eligibility date. Those issues were dismissed by the Middle District of Tennessee and Al-Jabbar a'la's appeal to this court was unsuccessful. They were, thus, never transferred to the Western District of Tennessee and were not before Judge Todd.
 
 
 8
 For these reasons, both of the arguments raised by Al-Jabbar a'la on appeal are meritless. Accordingly, the district court's judgment, entered on September 15, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation