51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marvin GARDNER, Plaintiff-Appellant,
v.
John CHOATE; Dot Davis; Shirley Conrad; Harry Mayfield;
Patti Treat, Defendants-Appellees.
 No. 94-6209.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 1
 Before: MERRITT, Chief Judge; SILER, Circuit Judge, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Marvin Gardner, a Kentucky state prisoner, appeals pro se the summary judgment for defendant prison employees in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Gardner brought this action against a number of prison employees seeking monetary, injunctive and declaratory relief. He alleged that he had been charged with a disciplinary infraction in retaliation for his grievances about tampering with his mail. He was found guilty and punished by disciplinary segregation and a loss of good time. He complained that another inmate who was involved in the same activity was not found guilty, that he was not allowed to call a witness at his disciplinary hearing, and that the name of the offense was amended during the hearing.
 
 
 4
 Upon review, we conclude that summary judgment was proper in this case, as there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Summary judgment was proper on Gardner's retaliation claim, as the record demonstrated the legitimacy of the initiation of a disciplinary investigation in this case, and completely lacked any significant probative evidence in support of the allegation of retaliation. See id., at 249-50. Gardner's claim of an equal protection violation when another inmate was found not guilty fails because Gardner did not allege that he was a member of a protected class. See Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir.1986). The prison officials were also entitled to summary judgment on Gardner's due process claim, as they have the discretion to refuse to call requested witnesses in order to restrict disciplinary hearings to reasonable bounds, see Ponte v. Real, 471 U.S. 491, 495-99 (1985), and to define and assign disciplinary offenses. See Turney v. Scroggy, 831 F.2d 135, 140 (6th Cir.1987). The record shows that Gardner received all the process he was due during his disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).
 
 
 5
 For all of the above reasons, the summary judgment for defendants is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation